UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER TERRY,

*Petitioner*,

– against –

THE CITY OF NEW YORK et al.,

*Respondent*.

**ORDER**

20 Civ. 81 (ER)

RAMOS, D.J.:

On January 2, 2020, Christopher Terry filed a complaint against the City of New York and a number of individual defendants ("Defendants") for violation of his constitutional rights while he was incarcerated at the Manhattan Detention Complex. Doc. 2. On March 9, 2020, Plaintiff informed the Court of his new address on Rikers Island—his last contact with the Court. Doc. 10. On July 8, 2020, Plaintiff was released from Rikers Island and since then he has failed to provide the Court with a current address or to comply with Court orders.

On July 15, 2020, Court held a conference regarding Defendants' proposed motion to dismiss. Doc. 22. Plaintiff failed to appear. *Id.* On July 20, 2020, the Court issued an order setting a schedule for Defendant's motion to dismiss and directing Defendants to provide the Court with Plaintiff's last known address before incarceration. *Id*. On July 21, 2020, Defendants complied with the Court's Order and, the following day, the Court issued an order "remind[ing Plaintiff] that it is his obligation to inform the Court of any change in address." Docs. 23, 24. Defendants moved to dismiss the complaint on August 5, 2020. Doc. 25. To date, Plaintiff has neither contacted the Court, nor responded to Defendants' motion.

On September 16, 2020, the Court issued an order to show cause why it should not dismiss Plaintiff's case and warned that "[f]ailure to appear may result in the Court imposing

sanctions for ignoring court orders, including the motion to dismiss being deemed fully briefed or [Plaintiff's] case being dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." Doc. 28. On October 6, 2020, the order to show cause that the Court had mailed to Plaintiff was returned to sender and Plaintiff failed to appear at the show cause hearing.

Plaintiff has not been in contact with the Court for over six months, has repeatedly failed to comply with Court orders, has not informed the Court of his address, and has not responded to Defendants' motion. Because of Plaintiff's abject failure to prosecute his case, the Court dismisses his claims without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

## I. Standard

"Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). Courts evaluating dismissal under Rule 41(b) must consider

> (1) the duration of the plaintiff's failures,
> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II. Discussion

All five *LeSane* factors weigh in favor of dismissing Plaintiff's case. *First*, Plaintiff has not been in contact with the Court for over six months. During that time, Plaintiff has failed to keep the Court apprised of his change in address, to appear at two conferences, and to respond to Defendants' motion to dismiss. Such delay is unreasonable. *Morgan v. Does Nos. 1-3*, No. 18 Civ. 2571, (ER), 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020) (finding failure to prosecute after six months of delay); *Barnes v. Stop & Shop Supermarket Co., LLC*, No. 19 Civ. 431 (BCM), 2020 WL 3100191, at *2 (S.D.N.Y. June 11, 2020) (noting delays of five months can result in dismissal).

*Second*, the Court clearly warned Plaintiff of his obligation to provide the Court with his address, Doc. 24, and that he could face sanctions for failure to comply with the Court's orders, including "[his] case being dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure," Doc. 28 at 1-2. Whether Plaintiff actually received the Court's orders is inconsequential, as "it remained his duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address." *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (citing *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000)); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (dismissing despite plaintiff's non-receipt of warning of dismissal because it was "no fault of defendant's, and can only be attributed either to plaintiff's deliberate failure to claim the letter, or her failure to advise the court of a change of address.").

*Third*, prejudice can be presumed from Plaintiff's unreasonable delay. *LeSane*, 239 F.3d at 210. That presumption remains unrebutted where, as here, Plaintiff has neither responded to

Defendants' motion nor contacted the Court to even advise of his change of address. *Virola*, 2014 WL 793082, at *3.

*Fourth*, Plaintiff has failed to take advantage of his "right to due process and a fair chance to be heard" by his silence. *LeSane*, 239 F.3d at 209-10. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert*, 2000 WL 977683, at *3. However, because this case has not greatly impacted the court's calendar, "the lesser sanction of a dismissal without prejudice equally serves the district court's need to clear its calendar." *Barnes*, 2020 WL 3100191, at *3 (citing *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)).

*Fifth*, no weaker sanction than dismissal is appropriate because, over the course of the last six months, Plaintiff has neither contacted the Court, nor complied with Court orders, nor responded to Defendants' motion to dismiss. Of course *pro se* litigants must comply with court orders, but, because of Plaintiff's *pro se* status, the Court finds dismissal without prejudice a sufficient sanction. *Virola*, 2014 WL 793082, at *3 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it.") (quoting Fed. R. Civ. P. 41(b))).

For all of these reasons, the Court dismisses Plaintiff's action without prejudice. The Clerk of Court is respectfully directed to terminate the motion, Doc. 25, and to close the case.

It is SO ORDERED.

Dated: October 6, 2020
New York, New York

EDGARDO RAMOS, U.S.D.J.